IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN DE CAMBRA, #A4002093, | ) | CIV. NO. 14-00279 DKW-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING IN FORMA |
| vs. | ) | PAUPERIS REQUEST |
| | ) | |
| TED SAKAI, SHARI KIMOTO, | ) | |
| SCOTT JINBO, TODD THOMAS, | ) | |
| BEN GRIEGO, JODI BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS REQUEST

Before the court is pro se Plaintiff John De Cambra's prisoner civil

rights complaint and declaration in support of his request to proceed in forma

pauperis ("IFP"). Plaintiff is presently incarcerated at the Halawa Correctional

Facility ("HCF"), but he complains about incidents that allegedly occurred while

he was imprisoned at the Saguaro Correctional Center ("SCC"), located in Eloy,

Arizona.[1] Plaintiff's Complaint is DISMISSED with leave to amend and his IFP

request is DENIED.

---

[1] Plaintiff transferred from SCC to HCF on or about May 25, 2014. *See De Cambra v. Hawaii*, Civ. No. 14-00228 SOM, Doc. No. 8, Notice of Change of Address. Plaintiff signed the present Complaint on May 20, 2014, but it was mailed from HCF on June 12, 2014. *See* Compl, Doc. No. 1-27 (mailing documentation).

# I. PLAINTIFF'S CLAIMS

Plaintiff alleges that Defendants violated the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when they housed him in SCC's administrative segregation unit because he refused to participate in the SCC Special Housing Incentive Program ("SHIP") after he was released from disciplinary segregation. Plaintiff names nine SCC prison officials as defendants: Warden Todd Thomas, Assistant Wardens Ben Griego and Jodi Bradley, Chief of Security Pastella, Chief Unit Manager Norm Carrier, Unit Team Managers Guilin and Alexander, November Unit Secretary Cantu, and Librarian Grijalva.[2] Plaintiff also names three Hawaii Department of Public Safety ("DPS") officials, who he alleges failed to monitor and supervise these SCC employees and officials, or take action to correct SCC's allegedly unconstitutional conditions of confinement in administrative segregation: Director Ted Sakai, Mainland Branch Administrator Shari Kimoto and Contract Monitor Scott Jinbo. Plaintiff names all Defendants in their official and individual capacities.

Plaintiff claims that inmates housed in SCC's segregation units are subjected to: inappropriately warm or cold food, windowless cells, restricted access

---

[2] Only Thomas, Griego, and Bradley are named in the Complaint's caption; Pastella, Carrier, Guilin, Alexander, Cantu, and Grijalva are referred to in the body of the Complaint.

to educational, vocational, cultural, religious, and library attendance, multiple strip searches, weekly cell searches, confiscation of documents, delayed provision of writing materials and copies, twenty-three hours daily confinement in cells, excessive noise, twenty-four hour lighting, restricted access to the commissary, extreme hot and cold cell temperatures, thrice weekly, ten-minute showers, inadequate cleaning supplies, and different regular and holiday meals as compared to those in general population. Plaintiff alleges these conditions constitute cruel and unusual punishment, and Defendants' failure to provide him with written criteria for placement in SCC administrative segregation violated his right to due process of law. Plaintiff's First Amendment claims are less clear. He seeks declaratory and injunctive relief, compensatory, punitive, and nominal damages.

## II.  LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison conditions or seeking redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

# III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.      Jurisdiction and Venue

Plaintiff alleges subject matter jurisdiction under 42 U.S.C. § 1983, and diversity jurisdiction under 28 U.S.C. § 1332. *See* Compl., Doc. No. 1, PageID #2, #16. Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that complete diversity of citizenship is required); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Because Plaintiff is a citizen of Hawaii, resident at all relevant times in Hawaii and Arizona, and names as defendants persons who likewise are citizens of Hawaii and Arizona, there is no diversity of citizenship here.

Moreover, when jurisdiction is not founded solely on diversity, such as in civil rights actions brought under § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).  The district court may raise improper venue sua sponte when the defendant has not yet filed a responsive pleading and the time for doing so has not run, as long as the parties are given an opportunity to present their views on the issue.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Smith v. United States Postal Serv.*, 2014 WL 2115154, at *2 (D. Haw. May 21, 2014).

Notwithstanding Plaintiff's assertion that venue is proper in Hawaii "because it is where the events giving rise to his claim occurred," it is clear that Plaintiff's claims arise out of incidents or omissions that substantially occurred in Arizona.  Compl., Doc. No. 1, PageID #2.  Venue for this action therefore lies in the United States District Court for the District of Arizona.  *See* 28 U.S.C. § 1391(b)(2).  This remains true regardless of Plaintiff's recent transfer to Hawaii

or whether he successfully amends his claims against Hawaii DPS Defendants Sakai, Kimoto, and Jinbo, as discussed below.[3]  Although the court makes no ruling on venue at this time, Plaintiff is notified that if he chooses to amend his complaint this action may nonetheless be transferred to the United States District Court for the District of Arizona.[4]

## B.    Immunities and Injunctive Relief

Defendants named in their official capacities are not persons subject to civil rights suits under § 1983.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  Further, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity."  *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999)).  The only exception is "for prospective declaratory and injunctive

---

[3]Although Plaintiff claims he is a third-party beneficiary to the contract between the State of Hawaii and the Corrections Corporation of America, he does not allege breach of contract. Venue inquiries in contract claims are determined by the "place of intended performance rather than the place of repudiation," however, and the place of intended performance here is Arizona. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted).

[4]The court may transfer a case in the interests of justice after consideration of several factors, including where the events at issue occurred, where witnesses and evidence is located, and when there is a local interest in resolving the issues in the transferee state. *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Id.* (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000); *see Ex parte Young*, 209 U.S. 123 (1908).

Because Plaintiff has transferred from SCC and is now incarcerated at HCF, his claims for prospective injunctive and declaratory relief regarding the conditions of confinement at SCC are moot. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)). That is, an inmate's claim for prospective injunctive and declaratory relief is moot when he "no longer is subjected to [the allegedly unconstitutional] policies." *Johnson*, 948 F.2d at 519; *see also Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir. 1995) (concluding that prisoner's claim that he might be transferred back to first prison in the future was too speculative). Defendants named in their official capacity and Plaintiff's claims for prospective injunctive and declaratory relief are DISMISSED without leave to amend.

## C. Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and 8(d)(1); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 when the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 requires more than "the-defendant-unlawfully- harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff simply names Defendants, details their positions at SCC and DPS, lists the allegedly unconstitutional conditions of confinement in SCC segregation, and concludes that all Defendants, without differentiation, are

liable to him for these alleged deprivations.  Section 1983 requires an actual

connection or link between a defendant's actions and the plaintiff's allegations.

*See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S.

362 (1976).  "A person 'subjects' another to the deprivation of a constitutional

right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required

to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*,

588 F.2d 740, 743 (9th Cir. 1978).  To state a claim, Plaintiff must demonstrate

that each Defendant was personally involved in the alleged deprivations of his

constitutional rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff provides no facts from which this court can "draw the

reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  While Plaintiff's Complaint suggests that at least some of

the conditions of confinement in SCC segregation may be unlawful (such as

excessively cold and hot temperatures and twenty-four hour lighting), it contains

no facts showing that any particular Defendant acted unlawfully, or relating any

specific instance when these allegedly illegal conditions affected him personally.

Plaintiff's complaint "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Twombly*, 550 U.S. at 557. As such, the Complaint fails to state a claim for relief and is DISMISSED with leave granted to amend.

**D.     Rule 10 of the Federal Rules of Civil Procedure; Local Rule 99.7.10**

Rule 10 requires a plaintiff to name all the parties in its caption or title. Fed. R. Civ. P. 10(a). Plaintiff names three SCC Defendants in the Complaint's caption and adds six additional SCC Defendants in its body. If Plaintiff decides to amend his Complaint, he must identify all persons he intends to name as Defendants in the Caption.

Rule 10 also requires that claims be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the court's responsibility to review Plaintiff's Complaint and guess at the number and nature of his claims against each Defendant. If Plaintiff decides to amend his pleading, he is directed to comply with Rule 10(b).

The Local Rules for the District of Hawaii require that all prisoner complaints, petitions, and in forma pauperis applications be set forth "on forms approved by the court and in accordance with the instructions provided with the

forms," unless otherwise directed by the court. LR99.7.10(a). If Plaintiff amends his Complaint, he must use the court's prisoner civil rights complaint form, which is available at the HCF library and will be provided to him by the Clerk of Court.

**E**.    **Supervisor Liability**

Plaintiff alleges that DPS Defendants Sakai, Kimoto, and Jinbo --

> are liable for [his] due process violations by reason of their failure and refusal to correct them, and their continued failure to perform their duties listed in Contract #55331. Although they did not commit the due process violations, they became responsible for them when they failed to correct the violations in the course of their supervisory responsibilities, and agreed/affirmed plaintiff's disciplinary and Ad. Seg.

Compl., Doc. No. 1, PageID #12. Plaintiff's claims against Sakai, Kimoto, and Jinbo are therefore premised only on his conclusory allegation that they had supervisory authority over SCC prison officials and employees.

There is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676; *Moss v. United States Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir. 2012). A supervisor may be held liable only for his or her own action or inaction. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that supervisors are liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); *accord Starr v. Baca*, 652 F.3d 1202, 1205-087 (9th Cir. 2011). "A showing that a supervisor acted, or failed to act, in a

manner that was deliberately indifferent to an inmate's [constitutional] rights is sufficient to demonstrate the involvement — and the liability — of that supervisor." *Starr*, 652 F.3d at 1206-07.

Supervisors may be held liable under § 1983: "(1) for setting in motion a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *Moss*, 675 F.3d at 1231 (quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009), *overruled on other grounds by Ashcroft v. al-Kidd*, ⸺ U.S. ⸺, 131 S. Ct. 2074 (2011)) (citation omitted).

Plaintiff fails to sufficiently allege that Sakai, Jinbo, or Kimoto were aware of, involved with, or acquiesced in the alleged constitutional violations of SCC officials or perpetrated a policy that was the moving force behind the alleged violations at SCC. Plaintiff's claims against DPS Defendants Sakai, Kimoto, and Jinbo in their individual capacities are DISMISSED with leave to amend.

**F. Violation of State Prison Rules and Regulations**

Plaintiff frames most of his claims as Defendants' alleged failure to comply with SCC and DPS prison rules and regulations, which he in turn alleges violated his federal constitutional rights. Violations of state prison rules and regulations, without more, do not support claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). To the extent that Plaintiff complains that prison officials only violated state regulations, these claims do not support a finding that they denied him due process under federal law.

**G. Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995); *Hoptowit v. Ray*, 682 F.2d

14

1237, 1246 (9th Cir. 1982). To violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994). A cognizable Eighth Amendment claim requires facts showing: (1) the deprivation alleged is objectively sufficiently serious; and (2) the prison official possessed a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)).

Plaintiff's allegations regarding no cell windows, food that is too warm or cold, holiday meals that are unequal to those in general population, twenty-three hours confinement in the cell, five-hours weekly recreation without exercise equipment, weekly cell searches, ten-minute showers three times a week, inadequate cleaning supplies, delayed writing materials and copies, denial of commissary items, and only two changes of clothing are not objectively serious deprivations and do not constitute the denial of life's minimal necessities. Nor does Plaintiff have a constitutional right to vocational, educational, rehabilitative, or cultural programs. *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). These conditions simply embody the typical hardships of confinement.

Plaintiff's claims regarding extremely cold or hot cells, twenty-four hour lighting, excessive noise, strip searches (if harassing), and inadequate food

portions may state a claim. As discussed above, however, he fails to provide

sufficient details or link any Defendant to such claims. Plaintiff's Eighth

Amendment claims fail to state a claim and are DISMISSED with leave to amend.

## H. Due Process - Administrative Segregation

"It is well-established that '[t]he requirements of procedural due

process apply only to the deprivation of interests encompassed by the Fourteenth

Amendment's protection of liberty and property.'" *Burnsworth v. Gunderson*, 179

F.3d 771, 774 (9th Cir. 1999) (quoting *Bd. of Regents of State Colleges v. Roth*,

408 U.S. 564, 569 (1972)). "Under *Sandin*, a prisoner possesses a liberty interest

under the federal constitution when a change occurs in confinement that imposes

an 'atypical and significant hardship . . . in relation to the ordinary incidents of

prison life." *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (quoting *Sandin*,

515 U.S. at 484). "There is no single standard for determining whether a prison

hardship is atypical and significant, and the 'condition or combination of

conditions or factors [of the alleged hardship] . . . requires case by case, fact by fact

consideration.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting

*Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)).

"Typically, administrative segregation in and of itself does not

implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078

(9th Cir. 2003) (collecting cases). Instead, courts must conduct a "case by case, fact by fact" analysis of the "condition or combination of conditions or factors" that the plaintiff experienced, to determine whether atypical and significant hardship exists compared to the ordinary incidents of prison life. *Id.* (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)). This includes:

> (1) whether the challenged action 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of the restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Id.* (citing *Sandin*, 515 U.S. at 486-87; *Keenan*, 83 F.3d at 1089).

Plaintiff concedes that he experienced the same conditions imposed on other inmates in administrative segregation and does not assert his time in segregation increased the term of his sentence. Whether Plaintiff possessed a liberty interest therefore depends on the length of time he spent in segregation, apparently eighteen months, and if the conditions there caused him atypical and significant hardship compared to conditions in the general population. *See Sandin*, 515 U.S. at 485-86; *Jackson v. Carey*, 353 F.3d 750, 755 (2003).

If a protected liberty interest exists, the amount of process due depends on "whether the segregation is punitive or administrative in nature."

*Stewart v. Alameida*, 418 F. Supp. 2d 1154, 1165 (N.D. Cal. 2006); *see also*

*Burton v. Glebe*, 2013 WL 3976620, at *7 (W.D. Wash. Aug. 2, 2013).

Administrative segregation requires only that: (1) "an informal nonadversary

hearing" is held "within a reasonable time after the prisoner is segregated;" (2) the

prisoner is informed of the charges against him or the prison officials' "reasons for

considering segregation;" and (3) the prisoner is allowed "to present his views to

the prison official charged with deciding whether to transfer him to administrative

segregation." *Toussaint*, 801 F.2d at 1101. The prisoner is not entitled to a

"detailed written notice of charges, representation of counsel or counsel- substitute,

an opportunity to present witnesses, or a written decision describing the reasons for

placing the prisoner in administrative segregation." *Id.* at 1100- 01 (citations

omitted).

       Accepting for the purposes of this order that the conditions of

confinement in SCC segregation represent atypical and significant hardship

compared to those in the general population, Plaintiff provides no facts regarding

what process he did or did not receive. Exhibits to the Complaint show, however,

that Plaintiff appeared before a committee on or about December 5, 2012,

regarding his possible assignment to the SHIP or to administrative segregation.

*See* Pl.'s Ex. R, Doc. No. 1-19. Plaintiff refused to participate in the SHIP, and on

December 18, 2012, the committee served Plaintiff a copy of its decision to house

him in administrative segregation.  *See* Pl.'s Ex. W, Doc. No. 1-24.  Thereafter,

Plaintiff refused to participate or attend monthly reviews of his administrative

segregation.  *See* Pl.'s Ex. R, Doc. No. 1-19.  These exhibits suggest that Plaintiff

was given the minimal procedural protections he was due under federal law.  *See*

*Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974).  Plaintiff fails to state a due

process violation and these claims are DISMISSED with leave to amend.

## I.     First Amendment

Plaintiff alleges Defendants violated the First Amendment.  He claims

there is restricted access to the law library, legal assistance, and religious programs

in segregation and he also broadly alleges retaliation.  Plaintiff does not define

what he means by "restricted access," and provides no specific facts supporting

these claims.

### 1.     *Denial of Access to the Court*

Plaintiff is informed that to state a First Amendment claim for denial

of access to the court, he must allege facts showing that he suffered "actual injury"

from a "specific instance" when he was denied access to the court.  *Lewis v. Casey*,

518 U.S 343, 349 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).  In

other words, a claim for deprivation of the constitutional right of access to the

courts must allege the underlying cause of action, whether that action is merely

anticipated or already lost, and the official acts that frustrated the litigation.

*Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).

Including the present case, Plaintiff has brought at least three actions

in the state and federal courts during the time he alleges that he was denied access

to the courts. *See De Cambra v. State of Hawaii*, Civ. No. 14-00228 SOM-RLP

(D. Haw. 2014) (removed from the First Circuit Court, State of Hawaii); *De*

*Cambra v. Sakai*, Civ. No. 14-00122 DKW-RLP (D. Haw. 2014). Plaintiff also

fails to allege what acts by prison officials frustrated an anticipated or already lost

civil action. Plaintiff fails to state a claim for denial of access to the court.

### 2. *Interference With the Exercise of Religion*

Plaintiff's vague and conclusory allegations that inmates in

segregation have restricted access to religious programs does not demonstrate that

prison officials interfered with his religious practice in violation of the First

Amendment. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982) (stating

that "vague and conclusory allegations of official participation in civil rights

violations are not sufficient" to state a claim).

### 3. *Retaliation*

A viable § 1983 retaliation claim requires an inmate to assert (1) that a state actor took some adverse action against him (2) because of (3) the inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005)).

It is uncertain what protected conduct Plaintiff took that precipitated his allegedly retaliatory placement in segregation. Plaintiff asserts no facts showing that his refusal to participate in the SHIP was protected conduct, or that the grievances and lawsuits he brought afterward were the cause of the alleged retaliation. Plaintiff also fails to allege facts showing that his transfer to administrative segregation had a chilling effect on the exercise of First Amendment rights, or that placement in segregation was not tied to a legitimate penological goal, the rehabilitative goals of the SHIP. Plaintiff fails to state a claim under the First Amendment and those claims are DISMISSED.

//

//

//

**J.      Leave to Amend**

Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).  He may file an amended complaint on or before **August 6, 2014.**  The amended complaint must cure the deficiencies noted above.

Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading and the court will not refer to the original pleading to make any amended complaint complete.  Defendants not named in the Caption and claims not realleged in an amended complaint are deemed waived.[5]  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  An amended complaint generally supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  Plaintiff is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he amends his pleading.

---

[5]Claims dismissed without leave to amend, such as Plaintiff's claims for prospective injunctive and declaratory relief and against Defendants in their official capacities, need not be repled in an amended complaint to preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).  However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.*

In the alternative, in light of the court's discussion above, particularly regarding proper venue for these claims, the dismissal of claims for prospective injunctive relief, and Plaintiff's transfer to Hawaii, Plaintiff may choose to voluntarily dismiss this action without prejudice before incurring a filing fee in this action. To do so, Plaintiff may simply notify the Clerk of Court of his intent to dismiss on or before **August 6, 2014**.

## K.     In Forma Pauperis Request

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may not proceed without the prepayment of a filing fee or an order granting IFP status. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's IFP request is not on court-approved forms, lacks a certified account statement showing the withdrawals and deposits to his account over the previous six months, and lacks Plaintiff's signed release for withdrawal of funds from his account. *See* Local Rule LR99.7.10; 28 U.S.C. § 1915(a)(1) and (2). Plaintiff's IFP application is DENIED as incomplete.

If Plaintiff decides to amend his pleading and proceed with this action in the District of Hawaii, he must pay the entire filing fee of $400.00, or submit an IFP application on the court's approved prisoner form, including a certified six-month trust account statement showing that he is a pauper within the meaning of

the statute, and his signed permission to withdraw funds from his account on or before **August 6, 2014**.  Failure to do so may result in dismissal of this action for failure to prosecute or follow a court order, regardless of whether Plaintiff files an amended complaint.  *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

**L.    28 U.S.C. § 1915(g)**

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order and does not voluntarily dismiss this action, he is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## IV.  <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1)     The Complaint is DISMISSED for failure to state a claim.

(2)     Plaintiff may file an amended complaint curing the deficiencies noted above on or before **August 6, 2014**.  Failure to timely amend the Complaint and cure its pleading deficiencies may result in **DISMISSAL** of this action for failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3)     Plaintiff's in forma pauperis request is DENIED.  Failure to pay the Court's filing fee, or to submit a fully completed in forma pauperis application on or before **August 6, 2014**, may result in dismissal of this action for failure to prosecute or obey a court order, regardless of whether Plaintiff submits an amended complaint.

(4)     In the alternative, Plaintiff may voluntarily dismiss this action without prejudice on or before **August 6, 2014**, by submitting a letter to the Clerk of Court to that effect.  If Plaintiff voluntarily dismisses this action, he will not be subject to payment of the filing fee or possible accrual of a strike pursuant to 28 U.S.C. § 1915(g).

(5)     The Clerk of Court is directed to mail Plaintiff a form prisoner civil rights complaint and in forma pauperis application so he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: July 7, 2014 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____
_John DeCambra v. Ted Sakai, et al._; Civ. No. 14-00279 DKW; ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS REQUEST

_De Cambra v. Sakai, et al._, Civ. No. 14-00279 DKW-BMK/; scrng 2014/De Cambra 14-279 dkw; J:\ChambersDKW\DKW shared\Pro Se Atty\De Cambra 14-279 dkw (ftsc, inj. cl. moot, 11A, imp. ven., spvr liab.).wpd

26